AO 91 (Rev. 08/09) Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Southern District of Florida

| United States of America | ) |
| v. | ) |
| TIMOTHY JAVAZ PATTERSON, Jr., | ) Case No. 23-mj-8337-RMM |
|   | ) |
|   | ) |
| *Defendant(s)* | ) |

FILED BY __SP__ D.C.

Jun 28, 2023

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - West Palm Beach

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __12/07/2022__ in the county of __Palm Beach__ in the __Southern__ District of __Florida__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) | Possession with Intent to Distribute Controlled Substances, to wit, Fentanyl and Cocaine; |
| 18 U.S.C. §§ 922(g)(1), 924(a)(8) | Felon in Possession of Firearms and Ammunition; and, |
| 18 U.S.C. § 924(c)(1)(A) | Possession of one or more firearms in furtherance of a federal drug trafficking crime. |

This criminal complaint is based on these facts:

See attached Affidavit

☑ Continued on the attached sheet.

_____
Complainant's signature

Daniel Fuchsman, Task Force Officer, ATF
Printed name and title

Subscribed and sworn to before me in accordance with the requirements of Fed. R. Crim. P. 4.1 by telephone (Facetime).

Date: 6/28/23

_____
Judge's signature

City and state: West Palm Beach, Florida

Hon. Ryon M. McCabe, U.S. Magistrate Judge
Printed name and title

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT
### Case No. 23-mj-8337-RMM

Your affiant, Daniel Fuchsman, first being duly sworn, does hereby depose and state as follows:

### Introduction

1. Your Affiant is currently a Task Force Officer (TFO) with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and has served in that capacity since January 2021. As a TFO your affiant has been specially deputized by the United States Marshals Service and authorized to enforce federal law, to include offenses occurring under Titles 18 and 21 of the United States Code. Your affiant has served as a West Palm Beach Police Officer (WPBPD) for approximately the preceding 8-year period. Some of your affiant's responsibilities as a Task Force Officer with the Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) include investigating violations of federal law, including violations of Gun Control Act (Title 18 United States Code, Chapter 44). During my tenure with the West Palm Beach Police Department, Your Affiant has personally participated in the arrest of over 100 individuals for the sale and possession of illegal controlled substances and over fifty investigations, arrest and subsequent debriefings of individuals who were arrested for possessing firearms in furtherance of violent and/or drug trafficking crimes. Your Affiant personally participated in the execution of at least 50 narcotics related search warrants. Your Affiant interviewed at least 50 individuals who were involved in the sale and distribution of controlled substances. Consequently, Your Affiant is familiar with the ways, manner, and means by which street level narcotics are purchased, sold, and packaged, as well as street terminology employed by individuals selling such controlled substances.

2. I make this Affidavit in support of a criminal complaint charging **TIMOTHY JAVAZ PATTERSON, Jr.,** with possession of a firearm and ammunition by a convicted felon,

in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), possession with the intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c).

3. I submit this Affidavit based on my personal knowledge and information provided to me from other law enforcement officials. Because this Affidavit is submitted for the limited purpose of establishing probable cause, it does not include all of the details of the investigation of which I am aware.

## PROBABLE CAUSE

4. On December 7, 2022, officer in training, Officer Defilippis, and his Field Training Officer (FTO), Officer Gomez, were jointly conducting a routine patrol in their separate marked West Palm Beach Police Department vehicles. At approximately 11:34 a.m., that date, Officer Defilippis and Officer Gomez observed a white Nissan Murano bearing Florida Tag #30BNQU fail to come to a complete stop at the visibly marked STOP sign and white stop bar at the intersection of 7th Street and Douglass Avenue which your affiant knows to be located in Palm Beach County and the Southern District of Florida. Officer Defilippis and Officer Gomez initiated the traffic stop for the above listed vehicle infraction at the intersection of 2nd Street and Douglass Avenue. The vehicle came to a complete stop at 923 2nd Street, West Palm Beach, Palm Beach County, Southern District of Florida, at which time both occupants (2) exited the vehicle of their own accord. The following events were audio and video recorded on police Body Worn Cameras, which has been reviewed by your affiant. Officer Defilippis made contact with the driver of the above listed vehicle described as a male wearing a white t-shirt, grey shorts and black shoes later identified through a Florida identification card as Timothy Javaz PATTERSON, Jr. (hereinafter

"PATTERSON"). The front seat passenger was described as a female wearing a multicolored dress with brown hair, later identified as ANL. Officer Defilippis directed PATTERSON and ANL to the rear of the Nissan Murano at which time they complied and stood by the rear bumper of the vehicle. While Officer Defilippis was conducting his traffic investigation, Officer Gomez proceeded to walk around exterior of the vehicle, looking inside the driver's window to insure there were no other occupants. Officer Defilippis observed PATTERSON turn his head away from him and direct his (PATTERSON's) attention to Officer Gomez as Officer Gomez peered through the exterior driver's window, where a firearm was later located. Officer Defilippis instructed PATTERSON to sit on the rear bumper on the Nissan, and PATTERSON proceeded to sit on the very edge of the passenger side of the vehicle's bumper and continue to closely observe Officer Gomez, and then turn his gaze to look in different directions as if to evaluate them for possible escape routes. Due to PATTERSON failing to make eye contact with Officer Defilippis and his unusual behavior of looking around, Officer Defilippis attempted to detain PATTERSON. PATTERSON was able to pull away from Officer Defilippis and immediately took flight east bound on 2nd Street. Officer Defilippis gave chase on foot, while Officer Gomez reentered and pursued in his patrol car. Shortly thereafter, Officer Gomez located PATTERSON attempting to gain access into a residence behind 923 2nd Street accompanied by ANL. It should be noted PATTERSON had a blue cellphone and keys in his hands. Prior to effectuating PATTERSON'S detention, PATTERSON was able to drop both the blue phone and keys on the ground.

5. While PATTERSON was being placed into handcuffs by Officer Gomez and Officer Defilippis, PATTERSON told ANL to grab his phone and keys at which time ANL was successfully able to pick up PATTERSON'S blue cellphone and keys. Officer Gomez attempted to obtain the items PATTERSON gave to ANL, at which time ANL refused to surrender the keys.

ANL was then detained, and both items were recovered. Returning to the Nissan vehicle, Officer Defilippis was able to see clearly into the vehicle due to the vehicle having no tints on the front windows. Officer Defilippis and Officer Gomez saw in plain view a black semi-automatic handgun on the driver floorboard with barrel slightly under the driver seat. Both officers also observed suspected narcotics described as a white powdery substance in a clear plastic bag sitting in the center cupholder/cardholder area of the vehicle. Due to the totality of the circumstance and items seen in plain view, Officer Defilippis and Officer Gomez searched the Nissan Murano on scene. A search of the vehicle revealed a black in color Smith and Wesson Model 5904 9mm semi-automatic handgun serial number which Officer Defilippis collected into evidence after donning a fresh pair of exam gloves. The Smith & Wesson pistol bore serial number TCJ1545, and was determined to be loaded with one (1) Sellier & Bellot 9mm round in its chamber, and an additional thirteen (13) Sellier & Bellot 9mm rounds in its inserted magazine. A further search of the vehicle revealed 15.4 grams of fentanyl, 3.7 grams of cocaine and 3.1 grams of marijuana. The above narcotics were weighed in their respective bags and field tested yielding positive results for the aforementioned controlled substances. PATTERSON was issued two (2) traffic citations and was arrested for resisting arrest without violence.

6. On December 7, 2022, Detective Kristie Petravich of the West Palm Beach Police Department applied to, and received from, Palm Beach County Circuit Court Judge Sherrie Collins a state search warrant to seize, enter and search PATTERSON's body to obtain a DNA standard sample. On December 14, 2022, Detectives of the West Palm Beach Tactical Unit successfully located and obtained PATTERSON in West Palm Beach, Palm Beach County, Southern District of Florida, and obtained a DNA standard sample from him. It should be noted during a search of PATTERSON's person per WPBPD policy in preparation for his transport back to the West Palm

Beach Police in accordance with the search warrant, PATTERSON was discovered to be in possession of three (3) grams of fentanyl and 6.2 grams of phencyclidine (PCP). The above narcotics were weighed in their respective bags and field tested yielding positive results, PATTERSON was arrested and charged accordingly. ATF Task Force Officer Daniel Fuchsman was notified and submitted a request for PATTERSON's DNA to be compared to the swabs taken from the aforementioned black Smith and Wesson Model 5904 9mm semi-automatic handgun, bearing serial number TCJ1545, which was recovered from the white Nissan Murano bearing Florida Tag #30BNQU. The DNA samples from PATTERSON and swabs obtained from the firearm were sent to the Palm Beach Sheriff's Forensic Biology Report for comparison. On or about February 14, 2023, Senior Forensic Scientist Stacey Anderson from Palm Beach Sheriff's Forensic Science and Technology Facility found the following results:

a) The DNA profile obtained from the grip is approximately 1E21 times more likely (very strong support) if it originated from Timothy Patterson and two unknown, unrelated individuals than if the DNA profile obtained originated from three unknown, unrelated individuals.

b) The DNA profile obtained from the hammer is approximately 1E18 times more likely (very strong support) if it originated from Timothy Patterson and three unknown, unrelated individuals than if the DNA profile obtained originated from four unknown, unrelated individuals

7. On December 14, 2022, a state cellphone search warrant for PATTERSON's blue Nokia cellphone, which PATTERSON was in possession of during the initial investigation on December 7, 2022, was signed and granted by the Honorable Judge Lauren Burke. ATF Task Force Officer Daniel Fuchsman observed several conversations between PATTERSON and unknown

individuals on December 7, 2022, advising PATTERSON had "molly" to sell. On the basis of his training and experience, your affiant is aware that "molly" is street terminology for the controlled substance MDMA and similar illicit controlled substances. ATF Task Force Officer Daniel Fuchsman also observed a conversation where PATTERSON was attempting to find/purchase a firearm.

8. A criminal records check, and records from the Palm Beach County Circuit Court establish that prior to December 7, 2022, PATTERSON had the following felony criminal convictions, each of which was punishable for a term of imprisonment exceeding one year under Florida law:

a) **Felon in Possession of a firearm** and carrying a concealed weapon, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2012CF013812AXXXMB, dated March 28, 2013.

b) Grand theft auto, fleeing and eluding, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case Number 2014CF008221AXXXMB, dated April 20, 2015.

c) **Felon in Possession of a firearm** and carrying a concealed weapon, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2015CF002561AXXXMB, dated April 20, 2015.

d) Burglary of an Occupied Structure, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 2017CF006119BXXXMB, dated March, 15, 2018.

 e) Shooting into an Occupied Vehicle, Felon in Possession a firearm, in the Fifteenth Judicial Circuit in and for Palm Beach County, Florida, Case No. 502018CF005917AXXXMB, dated August 20, 2018.

## CONCLUSION

9. Wherefore, on the basis of the foregoing, I respectfully submit that probable cause exists to charge **TIMOTHY JAVAZ PATTERSON, Jr.** with: possession of a firearm and ammunition by a convicted felon, in violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(8), possession with intent to distribute controlled substances, in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(C), and possession of a firearm in furtherance of drug trafficking, in violation of Title 18, United States Code, Section 924(c).

**FURTHER, YOUR AFFIANT SAYETH NAUGHT.**

_____
Task Force Officer Daniel Fuchsman
Bureau of Alcohol, Tobacco, Firearms and Explosives

ATTESTED TO ME TELEPHONICALLY
(VIA FACETIME) BY THE APPLICANT
IN ACCORDANCE WITH THE REQUIREMENTS
OF FED. R. CRIM. P. 4.1 THIS ___28___ DAY
DAY OF JUNE, 2023.

_____
HON. RYON M. McCABE
UNITED STATES MAGISTRATE JUDGE

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

PENALTY SHEET

Defendant's Name: _____TIMOTHY JAVAZ PATTERSON, Jr.,_____

Case No: _____23-mj-8337-RMM_____

**Count # 1**

Possession with the Intent to Distribute and Distribution of a Controlled Substance (Fentanyl and Cocaine)
Title 21, United States Code, Sections 841(a)(1), 841(b)(1)(C)
* Max. Term of Imprisonment: Twenty (20) years
* Mandatory Min. Term of Imprisonment (if applicable): not applicable
* Max. Supervised Release: Life
* Max. Fine: $1,000,000.00
* Special Assessment: $100.00
* Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.

**Count # 2**

Possession of a Firearm in Furtherance of a Federal Drug Trafficking Crime
Title 18, United States Code, Section 924(c)(1)(A)
* Max. Term of Imprisonment: Life
* Mandatory Min. Term of Imprisonment (if applicable): 5 years' imprisonment consecutive to any other term of imprisonment imposed.
* Max. Supervised Release: Five (5) years
* Max. Fine: $250,000.00
* Special Assessment: $100.00
* Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.

**Count # 3**

Possession of Firearm by a Convicted Felon
Title 18, United States Code, Sections 922(g)(1), 924(a)(8)
* Max. Term of Imprisonment: Fifteen (15) years
* Mandatory Min. Term of Imprisonment (if applicable): not applicable
* Max. Supervised Release: Three (3) years
* Max. Fine: $250,000.00
* Special Assessment: $100.00
* Immigration Consequences of Removal (Deportation) if the defendant in not a U.S. Citizen, following conviction.